**The below described is SIGNED.**

**Dated: August 03, 2007**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **Charles and Anna Zambrano,** | Bankruptcy Number 07-20876 |
| Debtors. | Chapter 13 |

### MEMORANDUM DECISION OVERRULING HORIZON FINANCIAL'S OBJECTION TO CONFIRMATION

The matter before the Court is confirmation of the Debtors' proposed chapter 13 plan. The Debtors propose to pay a secured claim directly. The secured creditor objected to confirmation, arguing that the plan should specifically provide that its claim is no longer subject to the automatic stay. The Court disagrees and determines that the proposed plan should be confirmed.

### I. BACKGROUND

The Debtors filed for chapter 13 bankruptcy relief on March 7, 2007. They timely filed bankruptcy schedules indicating that they own a 2003 Ford Focus which is subject to a security interest held by Horizon Financial ("Horizon"). They filed an amended chapter 13 plan on July 3, 2007 proposing to "pay direct the obligation owed to Horizon Financial for a 2003 Ford Focus, in the amount of $300.00 per month, as listed on Schedule J, and pursuant to the original

1

agreement on the oversecured obligation."[1] The plan also provided that "property of the estate shall not revest in the debtor until such time as a discharge is granted, the case is closed, or the case is dismissed."[2]

Horizon objected to confirmation, asserting that under cases such as In re Clay[3] a claim which is paid directly is no longer subject to the automatic stay.[4] Horizon argued that the confirmation order should specifically state that its collateral, the 2003 Ford Focus, is no longer subject to the automatic stay upon confirmation. The Debtors dispute Horizon's interpretation of the relevant case law. They believe the Ford Focus will still be subject to the automatic stay after confirmation even though they are acting as the disbursing agent for Horizon's claim.

The Court held a confirmation hearing in this case on May 22, 2007, and again on July 30, 2007. The Court found at the July 30, 2007 hearing that aside from resolution of Horizon's objection, the Debtors have satisfied all other conditions required for confirmation. Accordingly, if the Court overrules Horizon's objection to confirmation, the Court will confirm the Debtors' proposed chapter 13 plan.

## II.   JURISDICTION AND VENUE

---

[1] Debtors' amended Chapter 13 Plan at ¶ 10(D)(6).

[2] Debtors' amended Chapter 13 Plan at ¶ 10(D)(3).

[3] 339 B.R. 784 (Bankr. D. Utah 2006).

[4] The nature of a "direct payment" was discussed by this Court in In re Clay:
> The term 'direct payment' is often used synonymously with references to 'payments outside the plan.' Simply stated, 'direct payments' or 'payments outside the plan' correspond to payments which, under a chapter 13 plan, are paid directly by a debtor to a creditor. All payments made following the confirmation of a plan are in effect paid pursuant to some provision of the plan and, accordingly, the term 'paid outside the plan' is a bit of a misnomer." 339 B.R. at 785, n.1 (citation omitted).

2

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is appropriate under 28 U.S.C. § 1408(a).

**III.   ANALYSIS**

The Court recently discussed a debtor's right to pay a secured creditor directly in In re Clay, holding that direct payments are appropriate if the debtor does not propose to discharge the debt and does not otherwise alter the creditor's contract rights.[5] Quoting an earlier case from the District of Utah, this Court discussed the relationship of the debtor and creditor where payments are made directly:

> [T]he debtor would not be entitled to invoke the "cram down" provisions of Section 1325(a)(5), but would be left either to pay the debt according to the original contract or to bargain with the creditor for such terms as the creditor is willing to accept. . .The trustee would have no duty to supervise the execution of this independent relationship, and the creditor concerned would be left on its own to work directly with the debtor.[6]

Horizon appears to rely on this language in arguing that a claim paid directly is not subject to the automatic stay under 11 U.S.C. § 362(a).[7] The Court disagrees with this interpretation as it applies to this case.

The Court has reviewed the holding of Clay and associated case law, and can find nothing which provides that a claim paid directly is no longer subject to the automatic stay. Clay and Case stated that a claim paid directly is not subject to discharge or the chapter 13 trustee's

---

[5]Id.

[6]Id. at 785-86 (quoting In re Case, 11 B.R. 843, 846 (Bankr. D. Utah 1981)).

[7]Horizon is not alone in its interpretation of Clay. The Court has occasionally reviewed objections to confirmation filed by the chapter 13 Trustee which argue that a plan proposing to make payments directly should specifically state that "[t]he debt is not subject to the automatic stay provisions of 11 U.S.C. § 362 or to any provision under the plan or the Bankruptcy Code." See, e.g. Trustee's Objection to Confirmation of Chapter 13 Plan at 3, In re Carpenter, No. 07-2093 (Bankr. D. Utah April 30, 2007).

supervision.[8]  They did not discuss the impact of direct payments on the automatic stay.  Instead, Case and its progeny stated that a creditor paid directly is not subject to a chapter 13 discharge and is not bound by the terms of a confirmed chapter 13 plan.  Specifically, Case stated that "[n]on-payment on these agreements made outside of the plan would not constitute a default under the plan, nor would the creditor involved be affected by the provisions of the plan."[9]  While these cases may come close, they do not hold that a claim paid directly is free of the automatic stay.  Moreover, several courts have at least implicitly acknowledged that the automatic stay continues to apply to claims paid directly.[10]

Moreover, there are important policy reasons for not expanding the reach of Clay and associated case law.  The automatic stay serves to give the debtor a "chance to catch his breath, collect all of the proceedings against him in one place and proceed to reorganize his affairs."[11]  Thus, it has been said that the automatic stay is "the single most important protection afforded to debtors by the Bankruptcy Code."[12]  The Court notes that some of the contours of the automatic stay were changed through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), but none of those changes seem to alter the policy underlying the

---

[8] 339 B.R. at 786.

[9] 11 B.R. at 848.

[10] See, e.g. In re Linkous, 339 B.R. 375 (Bankr. W.D. Va. 2006); In re Sullivan, 357 B.R. 847 (Bankr. D. Colo. 2006); In re Smith, 43 B.R. 319 (Bankr. D.N.C. 1984) (discussing motions to lift the automatic stay as to claims paid directly under a confirmed plan).

[11] In re Weintraub, 361 B.R. 586, 591 (Bankr. S.D. Fla. 2007); See also Pursifull v. Eakin, 814 F.2d 1501, 1504 (10th Cir. 1987).

[12] In re Cavanaugh, 271 B.R. 414, 424 (Bankr. D. Mass. 2001); In re Startec Global Comm. Corp., 300 B.R. 244, 254 (D. Md. 2003).

4

automatic stay.[13]  In light of this important policy, the Court is not inclined to expand its interpretation of Clay unless a specific provision of the bankruptcy code so requires.

An argument might be made in Horizon's favor by looking to Clay as well as §§ 362(c)(1) and 1327(b).  Section 362(a) creates an automatic stay which bars any action by a creditor to exercise control over property of the estate.  Under § 362(c)(1), the automatic stay terminates as to specific property when that property is no longer property of the estate.  And § 1327(b) provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."  Courts disagree as to whether §§ 362(c)(1) and 1327(b) have the effect of removing property from the estate upon confirmation.[14]  The Tenth Circuit Court of Appeals has recognized these views but has not specifically decided the issue.[15]

Resolution of this issue might be important in considering Horizon's arguments in future cases.  Section 1327(b) states that "[e]xcept as otherwise provided in the plan or the order confirming the plan," property of the estate vests in a debtor at confirmation.  If this means that a debtor is presumptively vested with *ownership* of property of the estate, that property would no longer be protected by the automatic stay after confirmation.  The only thing protecting the

---

[13]See Dewsnup v. Timm, 502 U.S. 410, 419-20 (1992) ("[T]his Court has been reluctant to accept arguments that would interpret the Code, however vague the particular language upon consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history.").

[14]Compare In re Brensing, 337 B.R. 376 (Bankr. D. Kan. 2006) with In re Heath, 115 F.3d 521 (7th Cir. 1997).

[15]In re Talbot, 124 F.3d 1201, 1207 n.5 (10th Cir. 1997).

5

property would be the confirmed plan itself.[16] But since Clay makes clear that a claim paid directly is not subject to protections under a confirmed plan, a claim paid directly would not be subject to the automatic stay or any other protections of the Court.

Nevertheless, this argument remains hypothetical in light of the facts of this case. The chapter 13 plan in this case specifically states that property remains property of the estate until a discharge is entered, the case is closed, or the case is dismissed. Thus, under the Debtors' proposed chapter 13 plan and the facts of this case, the interplay between §§ 362(c)(1) and 1327(b) is irrelevant.

The Debtors propose to pay Horizon's claim directly without modification. Horizon's only objection is that the confirmation order should state specifically that the automatic stay does not apply to its claim. The Court determines that this language is not required by Clay or associated case law. Neither does the Court need to decide whether the Ford Focus remains property of the estate post-confirmation.

## IV. CONCLUSION

Horizon's objection to confirmation should be OVERRULED and the Debtors' proposed chapter 13 plan should be CONFIRMED. A separate order accompanies this Memorandum Decision.

---

[16] See Id. at 1209 n.10.

Service of the foregoing **MEMORANDUM DECISION OVERRULING HORIZON FINANCIAL'S OBJECTION TO CONFIRMATION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Charles and Anna Zambrano
1467 North 380 East
Tooele, UT 84074

Lee Rudd
P.O. Box 57782
Salt Lake City, UT 84157-7782

Kevin Anderson
405 South Main Street, Suite 600
Salt Lake City, UT 84111

U.S. Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Kim Wilson
Snow, Christensen & Martineau
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84145